SLIGER *v.* PARKS *et al.*

(*Knoxville*, September Term, 1953.)

Opinion filed July 23, 1954.

RAYMOND A. GRAHAM, GRAHAM & VAN DERVEER and RAY L. BROCK, JR., all of Chattanooga, for petitioner.

MILLER, MARTIN, HITCHING & TIPTON, of Chattanooga, for respondents.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The plaintiff, Joe Sliger, sued the defendants in the Circuit Court of Hamilton County for $1,100, alleged to be due on his contract for wiring the East Ridge Presbyterian Church. The claim was not disputed. The defendants, however, filed a plea of nil debit and also a plea of set-off in the sum of $3,831 as damages for breach of contract by the plaintiff in failing and refusing to perform his contractual obligation to wire another building, to wit the East Ridge Elementary School. The defendants had contracted with Hamilton County to construct this school building and had sublet the electrical work to Sliger. He failed and refused to do the work when requested and when the building was ready for it, and thereupon defendants were compelled to let the contract to the lowest bidder at $9,900 which was a loss to them of $3,831. Sliger's contract called for $6,069.

The trial judge sustained the plaintiff's motion to strike the plea of set-off on the ground that it involved unliquidated damages, and directed a verdict for the plaintiff for $1,100. The defendants moved the court for a new trial alleging that it was error to strike the plea for the reason that under Code Section 8746 it was a proper set-

off, the plaintiff being a non-resident of the State. The Code Section referred to reads as follows:

"In actions or suits in which a resident of another state and a resident of this state are adversary parties, every claim or demand against the suing parties, or any of them, whether liquidated or unliquidated, sounding in tort or contract, expressed or implied, or whether arising in the same or a different transaction, may be set up by plea of set-off, or as counter-claim by counter-declaration in manner and time and on conditions set forth in the section next above."

The plaintiff's non-residence of the State was discovered immediately following the trial and prior to filing the motion for a new trial.

The Court of Appeals reversed the case, holding that the trial judge was in error in not granting a new trial to permit defendants to file their plea of set-off. The court expressed the further opinion that the plea did not involve "unliquidated damages". But in our view of the case this is immaterial since the plea of set-off was available under Code Section 8746. Whether or not the plea has merit from a factual viewpoint is a question upon which we express no opinion.

There was no evidence of any lack of diligence on the part of the defendants, or their counsel, in not discovering before the trial that plaintiff was a non-resident. In response to the foregoing issue the Court of Appeals made the following timely observation:

"At the time of the institution of the suit in question, the plaintiff had become a non-resident of the state. This was not known to defendants. But unknown to them they had a right to invoke the provi-

sions of Code Sec. 8746, supra. By a parity of reasoning, the plaintiff, who knew of his non-residence, had no right to insist upon the provisions of the law relating only to residents.

\* \* \* \* \* \*

"Under the 'cross action' instituted by defendants, there was presented a prima facie liability on the part of plaintiff for the breach of his contract relating to the East Ridge Elementary School. Are defendants to be deprived of the right to present their case because of the mental lapse of their counsel in not immediately asking to refile such cross action? We do not think we can hold that his oversight was accompanied with such culpable negligence as to put his clients out of court."

Upon a reexamination of the record and oral argument of counsel, we think that certiorari was improvidently granted. The errors complained of in the petition for certiorari are overruled and the judgment of the Court of Appeals is affirmed. The case is remanded for trial on the cross action.